CRTR2709-CR



COMMONWEALTH OF MASSACHUSETTS
ESSEX COUNTY
Docket Report

**1877CV01075 Gonzalez, Ramon, on behalf of themselves and all others simi et al vs. XPO Last Mile, Inc.**
**Doing Business as XPO Logistics**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 07/20/2018 |
| **ACTION CODE:** | A99 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Other Contract Action | | |
| **CASE DISPOSITION DATE** 02/22/2019 | | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 02/22/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 10/18/2018 | 02/22/2019 |
| Answer | 11/19/2018 | 02/22/2019 |
| Rule 12/19/20 Served By | 11/19/2018 | 02/22/2019 |
| Rule 15 Served By | 11/19/2018 | 02/22/2019 |
| Rule 15 Filed By | 12/17/2018 | 02/22/2019 |
| Rule 12/19/20 Filed By | 12/17/2018 | 02/22/2019 |
| Rule 15 Heard By | 01/16/2019 | 02/22/2019 |
| Rule 12/19/20 Heard By | 01/16/2019 | 02/22/2019 |
| Discovery | 05/16/2019 | 02/22/2019 |
| Rule 56 Served By | 06/17/2019 | 02/22/2019 |
| Rule 56 Filed By | 07/15/2019 | 02/22/2019 |
| Final Pre-Trial Conference | 11/12/2019 | 02/22/2019 |
| Judgment | 07/20/2020 | 02/22/2019 |

### PARTIES

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

| Plaintiff | Attorney | 564158 |
|---|---|---|
| Gonzalez, Ramon, on behalf of themselves and all others simi | Stephen S Churchill<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 07/23/2018 | |
| | **Attorney** | **666029** |
| | Hillary Schwab<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 07/20/2018 | |
| | **Attorney** | **688294** |
| | Rachel Smit<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 841-8188<br>Added Date: 07/23/2018 | |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

| Plaintiff | Attorney | 564158 |
|---|---|---|
| Marte, Addelyn, on behalf of themselves and all other simi | Stephen S Churchill<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 07/23/2018 | |
| | **Attorney** **666029** | |
| | Hillary Schwab<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 07/23/2018 | |
| | **Attorney** **688294** | |
| | Rachel Smit<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 841-8188<br>Added Date: 07/23/2018 | |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

| Plaintiff<br>Rodriguez Ortiz,  Victor, on behalf of themselves and all others simi | Attorney<br>Stephen S Churchill<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 07/23/2018 | 564158 |
|---|---|---|
| | Attorney<br>Hillary Schwab<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 07/23/2018 | 666029 |
| | Attorney<br>Rachel Smit<br>Fair Work, P.C.<br>Fair Work, P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 841-8188<br>Added Date: 07/23/2018 | 688294 |
| Defendant<br>XPO Last Mile, Inc. Doing Business as XPO Logistics | Attorney<br>Douglas J Hoffman<br>Jackson Lewis PC<br>Jackson Lewis PC<br>75 Park Plaza<br>4th Floor<br>Boston, MA 02116<br>Work Phone (617) 367-0025<br>Added Date: 09/17/2018 | 640472 |
| | Attorney<br>Benjamin R Davis<br>Jackson Lewis P.C.<br>Jackson Lewis P.C.<br>75 Park Plaza<br>Boston, MA 02492<br>Work Phone (617) 305-1296<br>Added Date: 11/15/2018 | 673017 |

| FINANCIAL SUMMARY | | | | |
|---|---|---|---|---|
| Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| Total | 760.00 | 760.00 | 0.00 | 0.00 |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

COMMONWEALTH OF MASSACHUSETTS
ESSEX COUNTY
Docket Report

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 07/20/2018 | | Attorney appearance<br>On this date Stephen S Churchill, Esq. added for Plaintiff Ramon, on behalf of themselves and all others simi Gonzalez | |
| 07/20/2018 | | Attorney appearance<br>On this date Hillary Schwab, Esq. added for Plaintiff Ramon, on behalf of themselves and all others simi Gonzalez | |
| 07/20/2018 | | Attorney appearance<br>On this date Rachel Smit, Esq. added for Plaintiff Ramon, on behalf of themselves and all others simi Gonzalez | |
| 07/20/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 07/20/2018 | |
| 07/20/2018 | 1 | Original civil complaint filed. | |
| 07/20/2018 | 2 | Civil action cover sheet filed. | |
| 07/20/2018 | | Demand for jury trial entered. | |
| 07/20/2018 | | Attorney appearance<br>On this date Stephen S Churchill, Esq. added for Plaintiff Victor, on behalf of themselves and all others simi Rodriguez Ortiz | |
| 07/20/2018 | | Attorney appearance<br>On this date Hillary Schwab, Esq. added for Plaintiff Victor, on behalf of themselves and all others simi Rodriguez Ortiz | |
| 07/20/2018 | | Attorney appearance<br>On this date Rachel Smit, Esq. added for Plaintiff Victor, on behalf of themselves and all others simi Rodriguez Ortiz | |
| 07/20/2018 | | Attorney appearance<br>On this date Stephen S Churchill, Esq. added for Plaintiff Addelyn, on behalf of themselves and all other simi Marte | |
| 07/20/2018 | | Attorney appearance<br>On this date Hillary Schwab, Esq. added for Plaintiff Addelyn, on behalf of themselves and all other simi Marte | |
| 07/20/2018 | | Attorney appearance<br>On this date Rachel Smit, Esq. added for Plaintiff Addelyn, on behalf of themselves and all other simi Marte | |
| 09/17/2018 | 3 | Defendant XPO Last Mile, Inc. Doing Business as XPO Logistics's Motion for<br>Additional Time For Defendant To Respond To Complaint .<br>filed 9/12/18 | |
| 09/17/2018 | 3 | Attorney appearance<br>On this date Douglas J Hoffman, Esq. added for Defendant XPO Last Mile, Inc. Doing Business as XPO Logistics<br>filed 9/12/18 | |
| 09/17/2018 | 3.1 | Certificate of service of attorney or Pro Se:<br><br>Douglas J Hoffman, Esq.<br>filed 9/12/18 | |

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK



**COMMONWEALTH OF MASSACHUSETTS**
**ESSEX COUNTY**
**Docket Report**

| 09/26/2018 | | Endorsement on Motion for Additional Time for Defendant to Respond to Complaint (#3.0): ALLOWED<br>Dated 9/19/18<br><br>Judge: Fahey, Hon. Elizabeth M | Fahey |
|---|---|---|---|
| 09/27/2018 | 4 | Received from<br>Defendant XPO Last Mile, Inc. Doing Business as XPO Logistics: Answer to original complaint; filed 9/21/18 | |
| 11/15/2018 | 5 | Attorney appearance<br>On this date Benjamin R Davis, Esq. added for Defendant XPO Last Mile, Inc. Doing Business as XPO Logistics | |
| 02/22/2019 | | Case transferred to another court. | |
| 02/22/2019 | 6 | Notice of Removal to the United States District Court filed by<br><br>Applies To: Gonzalez, Ramon, on behalf of themselves and all others simi (Plaintiff) | |

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

## COMMONWEALTH OF MASSACHUSETTS
### SUPERIOR COURT DEPARTMENT

ESSEX, ss                                        Civil Action No. 1877CV01075B

|  |  |
|---|---|
| RAMON GONZALEZ, VICTOR RODRIGUEZ ORTIZ, and ADDELYN MARTE, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| XPO LAST MILE, INC., d/b/a XPO LOGISTICS, | ) ) ) |
| Defendant | ) ) |

*ESSEX SUPERIOR COURT*
*FILED*
*2018 JUL 20  P 2:01*

## CLASS ACTION COMPLAINT & JURY DEMAND

### Introduction

1.     This is an action for misclassification and related claims brought by Plaintiffs on behalf of themselves and all others similarly situated. Plaintiffs worked for Defendant as drivers, delivering products to customers' homes from stores such as Home Depot and Lowe's. They bring class claims for violations of the Massachusetts Misclassification Statute, M.G.L. c. 149, § 148B, the Massachusetts Payment of Wages Law, M.G.L. c. 149, § 148, and the Massachusetts Minimum Wage Law, M.G.L. c. 151, § 1. Plaintiffs seek resulting treble damages, interest, costs, and attorneys' fees.

### Parties

2.     Plaintiff Ramon Gonzalez is an adult resident of Methuen, Massachusetts. He began working for Defendant as a driver in or about April 2015. He worked until January 2018, when he was terminated.

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

3.      Plaintiff Victor Rodriguez Ortiz is an adult resident of Manchester, New Hampshire. He began working for Defendant as a driver in or about April 2015 and continues to work for Defendant.

4.      Plaintiff Addelyn Marte is an adult resident of Manchester, New Hampshire. He began working for Defendant as a driver in or about April 2015 and continues to work for Defendant.

5.      Defendant XPO Last Mile, Inc. ("XPO") is a foreign corporation with a regular place of business in Massachusetts. XPO does business in Massachusetts, and other states, as XPO Logistics.

### Jurisdiction and Venue/Amount in Controversy

6.      This Court has jurisdiction over this matter pursuant to Superior Court Rule 29, because the amount in controversy is more than $25,000 and less than $5,000,000.

7.      Venue in Essex County Superior Court is proper under M.G.L. c. 223, § 1, because one of the Plaintiffs lives in Essex County.

8.      Plaintiffs filed Non-Payment of Wages and Workplace Complaint Forms with the Massachusetts Office of the Attorney General prior to initiating this litigation.

### Facts

9.      Plaintiffs sought work with XPO by going to XPO's facility in Kingston, New Hampshire. At that facility, XPO employees reviewed Plaintiffs' credentials, had them complete paperwork, performed background checks on them, and issued them XPO identification cards. XPO assigned drivers unique identifying numbers and, on information and belief, maintained paper or electronic files regarding each driver.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

10.    XPO assigned Plaintiffs to so-called master contractors, who processed payments for the Plaintiffs. The master contractors played no other significant role in connection with the work performed by Plaintiffs.

11.    XPO classified Plaintiffs as independent contractors rather than employees.

12.    Plaintiffs were required to buy and wear XPO uniforms, including shirts and hats.

13.    XPO managers conducted meetings for drivers on a regular basis, covering various topics, such as how to treat customers. Among other things, drivers were instructed always to hold themselves out to customers as representatives of XPO.

14.    At the beginning of each shift, drivers were provided by XPO managers with a delivery manifest. Drivers were required to perform all deliveries in a specific order, within specified time frames, and pursuant to all delivery instructions.

15.    On occasion, when drivers were alleged to have failed to make deliveries on a timely basis, they were punished by XPO by being given no work for a future shift or shifts.

16.    On occasion, drivers were followed or observed on their shifts by XPO managers supervising their work. On one occasion, for example, Mr. Gonzalez was observed while out on his shift by an XPO supervisor and instructed to wear his XPO shirt.

17.    During the course of their shifts, Plaintiffs regularly communicated with and were subject to control and direction by XPO managers and dispatchers.

18.    At the beginning and end of their shifts, drivers were required to log in and out of eTrack, an app that XPO required them to download and use. On information and belief, eTrack captured GPS and other data about the work performed by drivers, including, for example, when they made deliveries, where they traveled, and how far they traveled.

3

19.     Plaintiffs were paid $120 per shift, regardless of how long the shift took. On some occasions, Plaintiffs worked in excess of 12-hour days. Given the hours they worked and the expenses and deductions they had to bear, Plaintiffs earned less than the Massachusetts minimum wage on one or more occasions within the prior three years.

20.     XPO charged Plaintiffs for claims made by delivery customers. Plaintiffs were required to pay for any damages, at least up to a certain amount of money per claim, after which insurance coverage might kick in.

21.     On occasion, Plaintiffs were required to make repairs for customers, on their own time (without any additional compensation from XPO) and using their own transportation, materials, supplies, and tools.

22.     Although XPO offered generous benefits to its employees, Plaintiffs were offered none of those benefits as a result of their classification as independent contractors. Among other things, Plaintiffs were afforded no paid holidays or other paid time off.

23.     Plaintiffs lost important protections as a result of their classification as independent contractors. For example, Mr. Gonzalez suffered a work injury when an appliance fell on his foot, keeping him out of work for about two weeks, but he did not receive any workers' compensation benefits. Likewise, when Mr. Gonzalez was terminated, he was told he was ineligible to apply for unemployment benefits.

24.     Drivers complained from time to time about the terms and conditions of their employment, and when they did so it was to XPO managers. On information and belief, on at least one occasion, XPO responded by increasing the amount paid to drivers.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

25.    As a result of XPO's policies and practices with respect to Plaintiffs and other drivers, Plaintiffs and other drivers were subject to control and direction by XPO, either under contract or in fact.

26.    Given the nature in which Plaintiffs and other drivers are directed and paid, they have no practical opportunity to control or realize any profits.

27.    On information and belief, Plaintiffs and other drivers are hired and trained with the expectation of long-term engagement by XPO.

28.    Plaintiffs, like similarly situated drivers, did not have an independently established trade, occupation, profession, or business to provide services of the same nature they provided to XPO.

29.    Plaintiffs and other drivers were not expected or required to have any special skills or abilities, other than the ability to drive, transport packages, and use a simple software system, as directed by XPO.

30.    The services performed by Plaintiffs and other drivers are integral to and within the usual course of the business of XPO.

31.    Plaintiffs and similarly situated employees are XPO's employees, under a direct or joint employment theory, pursuant to Mass. Gen. Laws ch. 149, § 148B or common law.

### Class Action Allegations

32.    Pursuant to M.G.L. c. 149, § 150, M.G.L. c. 151, § 20, and Mass. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and all other similarly situated delivery drivers who have worked for XPO and were misclassified as independent contractors within the relevant limitations periods, excluding any drivers who had master contractor arrangements with XPO.

5

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

33.    Joinder is impracticable in this case due to the size and composition of the class, and nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees. On information and belief, the size of the class is less than 100.

34.    There are issues of law and fact common to all class members, because XPO's common policies and practices affected all class members in similar ways. The common questions of law and fact predominate over any questions affecting individual class members. The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiffs as well as every absent member of the proposed class.

35.    The claims of Plaintiffs are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

36.    Plaintiffs will fairly and adequately represent the interests of the class because they do not have a conflict of interest with the class members. The undersigned counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

37.    A class action is superior in this case for several reasons including, but not limited to, the following: the case challenges XPO's uniform employment classification and wage payment practices; many workers may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

6

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

## Count I (Class Claim)
## Misclassification, M.G.L. c. 149, § 148B

As described above, Defendant has misclassified Plaintiffs and the class members as independent contractors in violation of M.G.L. c. 149, § 148B. For this violation, Plaintiffs and the class members are entitled to recover the wages and benefits they would have received as employees, including reimbursement for any business-related expenses they were required to bear as a result of their misclassification as independent contractors. This claim is brought pursuant to M.G.L. c. 149, § 150.

## Count II (Class Claim)
## Massachusetts Wage Act, M.G.L. c. 149, § 148

As described above, Plaintiffs and the class members have not received the wages and benefits that they would have received had Defendant properly classified them as employees, either under M.G.L. c. 149, § 148B or under common law. For example, they have been required to bear Defendant's business-related expenses and have been subject to unauthorized deductions, in violation of M.G.L. c. 149, § 148. This claim is brought pursuant to M.G.L. c. 149, § 150.

## Count III (Class Claim)
## Massachusetts Minimum Wage Law, M.G.L. c. 151, § 1A

As described above, Plaintiffs and the class members have not received the required minimum wage required by M.G.L. c. 151, § 1, had Defendant properly classified them as employees, either under M.G.L. c. 149, § 148B or common law. This claim is brought pursuant to M.G.L. c. 151, § 20.

7

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

### Count IV (Class Claim)
### Unjust Enrichment

As described above, Defendant has been unjustly enriched to the detriment of drivers classified as independent contractors, including Plaintiffs and class members. Plaintiffs and class members are entitled to recovery on this claim.

### JURY DEMAND

Plaintiffs request a trial by jury on all claims.

**WHEREFORE,** Plaintiffs seek judgment against Defendant as follows:

1.     With respect to the class claims under Massachusetts law, certification of this case as a class action, or recognition that this case is properly brought on behalf of all similarly situated employees, pursuant to Mass. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151, § 20. With respect to all claims under Massachusetts law, Plaintiffs seek certification of a class that includes all persons who performed deliveries for Defendant in Massachusetts during the relevant limitations period, excluding any drivers who entered into master contractor arrangements with XPO.

2.     All damages to which Plaintiffs are entitled under Massachusetts law.

3.     Statutory trebling of damages, pursuant to Massachusetts law.

4.     Attorney fees, costs, and interest as allowed by law.

5.     Such other and further relief as the Court may deem proper and just.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

RAMON GONZALEZ, VICTOR RODRIGUEZ
ORTIZ, and ADDELYN MARTE, on behalf of
themselves and all others similarly situated,

By their attorneys,

Stephen Churchill, BBO#564158
Hillary Schwab, BBO#666029
Rachel Smit, BBO#688294
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
617-607-3260
steve@fairworklaw.com.
hillary@fairworklaw.com.
rachel@fairworklaw.com

Dated: July 19, 2018

FILED
ESSEX SUPERIOR COURT
2018 JUL 20 P 2: 01

9

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1877CV01075B | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): Ramon Gonzalez, Victor Rodriguez Ortiz, Addelyn Marte, on behalf of | COUNTY |
|---|---|
| ADDRESS: | Essex |

| | DEFENDANT(S): XPO Last Mile, Inc., d/b/a XPO Logistics |
|---|---|

| ATTORNEY: Stephen Churchill | |
|---|---|
| ADDRESS: Fair Work, P.C., 192 South Street, Suite 450 Boston, MA 02111 | ADDRESS: |

| BBO: 564158 | |
|---|---|

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other | F | ☒ YES   ☐ NO |

*If "Other" please describe: Misclassification and wage violations

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ...................................................
    2. Total doctor expenses ...................................................
    3. Total chiropractic expenses ...................................................
    4. Total physical therapy expenses ...................................................
    5. Total other expenses (describe below) ...................................................
                                                          Subtotal (A): $

B. Documented lost wages and compensation to date ...................................................
C. Documented property damages to dated ...................................................
D. Reasonably anticipated future medical and hospital expenses ...................................................
E. Reasonably anticipated lost wages ...................................................
F. Other documented items of damages (describe below) ...................................................

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
This is a class action alleging violations of state wage laws.

TOTAL: $   $25,000 +

Signature of Attorney/Pro Se Plaintiff: X _Steph Chri_    Date: Jul 19, 2018

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None known

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Steph Chri_    Date: Jul 19, 2018

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

ESSEX SUPERIOR COURT FILED 2018 JUL 20

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1877CV01075B | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Ramon Gonzalez, Victor Rodriguez Ortiz, Addelyn Marte, on behalf of...

**ADDRESS:**

**COUNTY** Essex

**DEFENDANT(S):** XPO Last Mile, Inc., d/b/a XPO Logistics

**ATTORNEY:** Stephen Churchill

**ADDRESS:** Fair Work, P.C., 192 South Street, Suite 450 Boston, MA 02111

**ADDRESS:**

**BBO:** 564158

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. A99 | TYPE OF ACTION (specify) Other | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

**\*If "Other" please describe:** Misclassification and wage violations

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ...........................................................
    2. Total doctor expenses .............................................................
    3. Total chiropractic expenses ....................................................
    4. Total physical therapy expenses ..............................................
    5. Total other expenses (describe below) ......................................
                                         Subtotal (A): $

B. Documented lost wages and compensation to date ...................................... $
C. Documented property damages to date .................................................... $
D. Reasonably anticipated future medical and hospital expenses ........................ $
E. Reasonably anticipated lost wages ........................................................ $
F. Other documented items of damages (describe below) ................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**TOTAL (A-F):$**

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
This is a class action alleging violations of state wage laws.

**TOTAL: $** $25,000 +

**Signature of Attorney/Pro Se Plaintiff: X** _[signature]_     **Date:** Jul 19, 2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

None known

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_     Date: Jul 19, 2018

A TRUE COPY ATTEST

_[signature]_
DEPUTY ASS'T. CLERK

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1877CV01075 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Ramon, on behalf of themselves and all others simi Gonzalez et al vs.<br>XPO Last Mile, Inc. Doing Business as XPO Logistics | Thomas H. Driscoll, Jr., Clerk of Courts |
|---|---|
| TO:   File Copy | COURT NAME & ADDRESS<br>Essex County Superior Court - Newburyport<br>145 High Street<br>Newburyport, MA 01950 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                          **DEADLINE**

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/18/2018 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/19/2018 |  |
| All motions under MRCP 12, 19, and 20 | 11/19/2018 | 12/17/2018 | 01/16/2019 |
| All motions under MRCP 15 | 11/19/2018 | 12/17/2018 | 01/16/2019 |
| All discovery requests **and depositions** served and non-expert despositions completed | 05/16/2019 |  |  |
| All motions under MRCP 56 | 06/17/2019 | 07/15/2019 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 11/12/2019 |
| Case shall be resolved and judgment shall issue by |  |  | 07/20/2020 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>07/23/2018 | ASSISTANT CLERK<br>Jo Dee Doyle | PHONE<br>(978)462-4474 |
|---|---|---|

Date/Time Printed: 07-23-2018 10:32:04

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

SCV026\ 11/2014

**FAIR**WORK PC | EMPLOYMENT LAW

July 19, 2018

Clerk for Civil Business
Essex Superior Court
56 Federal Street
Salem, MA 01970

RE:    *Ramon Gonzalez, et al. v. XPO Last Mile, Inc. d/b/a XPO Logistics*

Dear Sir or Madam:

Enclosed for filing are:

(1)    Original and one copy of complaint;

(2)    Civil Action Cover Sheet; and

(3)    Filing fees in the amount of $760.00.

Please send a stamped copy of the complaint and one summons to my attention.  A self-addressed, stamped envelope is enclosed.  Thank you.

Sincerely,

Stephen Churchill

Enclosures

617 - 607 - 3260
WWW.FAIRWORKLAW.COM

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

*3*

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                        SUPERIOR COURT

RAMON GONZALEZ, VICTOR
RODRIGUEZ ORTIZ, ADDELYN MARTE,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

v.                                    Civil Action No. 1877-cv-01075B

XPO LAST MILE, INC. d/b/a XPO Logistics,

        Defendant.

FILED
ESSEX SUPERIOR COURT
2018 SEP 12 · A 10: 51

## DEFENDANT'S ASSENTED-TO MOTION FOR ADDITIONAL TIME
## FOR DEFENDANT TO RESPOND TO COMPLAINT

Defendant XPO Last Mile, Inc. ("Defendant") respectfully submits this assented-to
Motion to extend the time for Defendant to answer or otherwise respond to the plaintiff's Class
Action Complaint ("Complaint") through and until September 22, 2018.

As grounds for this Motion, Defendant states that it recently retained counsel in this
matter and would like additional time to investigate the allegations raised in the Class Action
Complaint and to strategize regarding its response.

In support of this Assented-to Motion, Defendant states as follows.

1)    The plaintiffs filed the Complaint on July 20, 2018.

2)    The plaintiffs served the Complaint on Defendant on August 23, 2018.

3)    Defendant did not retain counsel until recently, and as such, Defendant would like
additional time to investigate the allegations raised in the Class Action Complaint and to
strategize regarding its response.

A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

4)      Upon being retained by Defendant, counsel promptly contacted counsel for the plaintiffs to discuss the case.

5)      As such, the plaintiffs agreed to stay the time for Defendant to respond to the Complaint until September 22, 2018.

6)      The plaintiff would not be prejudiced by this brief extension.

WHEREFORE, Defendant XPO Last Mile, Inc., with the plaintiffs' assent, request that this Court allow Defendant to have up and until September 22, 2018 in which to file their response to the plaintiff's Complaint.

                                        XPO LAST MILE, INC.

                                        By their attorney

                                        _Douglas J. Hoffman/HML_
                                        Douglas J. Hoffman, BBO #640472
                                        JACKSON LEWIS LLP
                                        75 Park Plaza
                                        Boston, MA  02116
                                        (617) 367-0025; FAX: (617) 367-2155
                                        douglas.hoffman@jacksonlewis.com

Dated:  September 11, 2018

-2-

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

3·|

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of September, 2018, a copy of the foregoing document was served upon counsel for the plaintiff, Steve Churchill, Hillary Schwab, and Rachel Smit of Fair Work, P.C., 192 South Street, Suite 450, Boston, MA, 02111, by electronic mail and first class mail, postage pre-paid.

_Douglas J. Hoffman /KML_
Jackson Lewis P.

4825-9996-7346, v. 1

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

*4*

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT

RAMON GONZALEZ, VICTOR
RODRIGUEZ ORTIZ, ADDELYN MARTE,
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

v.

XPO LAST MILE, INC. d/b/a XPO Logistics,

        Defendant.

Civil Action No. 1877-cv-01075B

FILED
ESSEX SUPERIOR COURT
2018 SEP 21 P 1:31

## DEFENDANT XPO LAST MILE, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant XPO Last Mile, Inc. ("XPO LM"), for its Answer to Plaintiffs' Class Action

Complaint ("Complaint"), states as follows:

### Introduction

1.    XPO LM admits that the plaintiffs seek to bring a class action against XPO LM

and have made the allegations set forth in this paragraph, but XPO LM denies that the proposed

class is suitable for class treatment under any circumstances and denies the substance of the

allegations set forth in paragraph 1 of the Complaint.

### Parties

2.    XPO LM is without knowledge or information sufficient to form a belief about

the truth of plaintiff Roman Gonzalez's allegation that he is a resident of Methuen,

Massachusetts.  XPO LM denies the remaining allegations set forth in paragraph 2 of the

Complaint.

A TRUE COPY, ATTEST

*[signature]*

DEPUTY ASS'T. CLERK

3.     XPO LM is without knowledge or information sufficient to form a belief about the truth of plaintiff Victor Rodriguez Ortiz's allegation that he is a resident of Manchester, New Hampshire. XPO LM denies the remaining allegations set forth in paragraph 3 of the Complaint.

4.     XPO LM is without knowledge or information sufficient to form a belief about the truth of plaintiff Addelyn Marte's allegation that he is a resident of Manchester, New Hampshire. XPO LM denies the remaining allegations set forth in paragraph 4 of the Complaint.

5.     XPO LM admits that it is a foreign corporation that does in business in Massachusetts as XPO Logistics. XPO LM denies the remaining allegations set forth in paragraph 5 of the Complaint.

### Jurisdiction and Venue/Amount in Controversy

6.     The allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, XPO LM admits only that this Court has subject matter jurisdiction, but denies the remaining allegations in paragraph 6 of the Complaint.

7.     The allegations set forth in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, XPO LM admits that, to the extent jurisdiction is properly exercised, venue is proper in this Court.

8.     XPO LM is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

### Facts

9.     Denied.

10.    Denied.

11.    Denied.

-2-

A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    The allegations set forth in paragraph 31 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, XPO LM denies the allegations in paragraph 31 of the Complaint.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

### Class Action Allegations

32.     XPO LM admits that the plaintiffs seek to bring this lawsuit as a class action, but XPO LM denies that the proposed class is suitable for class treatment and denies all remaining allegations set forth in paragraph 32 of the Complaint.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

### Count I (Class Claim)
### Misclassification, M.G.L. c. 149, § 148B

XPO LM denies each and every allegation set forth in the "Count I" paragraph of the Complaint.

### Count II (Class Claim)
### Massachusetts Wage Act, M.G.L. c. 149, § 148

XPO LM denies each and every allegation set forth in the "Count II" paragraph of the Complaint.

### Count III (Class Claim)
### Massachusetts Minimum Wage Law, M.G.L. c. 151, § 1A

XPO LM denies each and every allegation set forth in the "Count III" paragraph of the Complaint.

### Count IV (Class Claim)
### Unjust Enrichment

XPO LM denies each and every allegation set forth in the "Count IV" paragraph of the Complaint.

-4-



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

## JURY DEMAND

XPO LM objects to a trial by jury on the plaintiffs' equitable claims and all other issues to which the plaintiffs are not entitled to a jury trial as a matter of law.

## RELIEF REQUESTED

This section of the Complaint states the relief sought by the plaintiffs requires no response. To the extent a response is required, XPO LM denies that the plaintiffs suffered any damages and aver further that they are not entitled to any relief.

## GENERAL DENIAL

XPO LM denies all claims and allegations set forth in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES[1]

1.     XPO LM is not a proper party because it was never the plaintiffs' employer.

2.     The plaintiffs' claims are barred, in whole or in part, because the plaintiffs failed to join necessary parties.

3.     The plaintiffs' claims are barred because the plaintiffs are employees/independent contractors of third parties and were never employees of XPO LM or any other related entity.

4.     The plaintiffs' claims are preempted by federal law, including the Federal Aviation Administration Authorization Act of 1994.

5.     The plaintiffs fail to state a claim upon which relief can be granted.

6.     The plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under Massachusetts law,

---

[1] By pleading any matter as a defense, XPO LM does not concede that it bears the burden of proof with regard to such matter.

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

including but not limited to, offsets for all payments made to third parties for whom the plaintiffs were employees/independent contractors.

7.    The plaintiffs' claims are subject to binding, individual arbitration.

8.    The plaintiffs' claims must be dismissed to the extent that they relate to work performed outside of Massachusetts because Massachusetts law does not apply to work activities performed outside of Massachusetts.

9.    The plaintiffs' claims are barred to the extent the plaintiffs and or any other putative class member was exempt from or was not covered by the wage payment and other wage-hour provisions of Massachusetts law or implementing regulations or wage orders or obligations under sued laws were satisfied.

10.    The plaintiffs' claims are barred, in whole or in part, by one or more statute of limitations, and there is no basis for tolling.

11.    The plaintiffs' claims are barred to the extent the plaintiffs failed to exhaust any required administrative remedies and/or prerequisites.

12.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrines of unclean hands, unjust enrichment, laches, offset, and/or set off and/or estoppel.

13.    The plaintiffs' recovery, if any, that results from a reclassification of the plaintiffs' independent contractor status must be reduced by the doctrines of recession and restitution.

14.    The plaintiffs' claims are barred in whole or in party by their failure to mitigate damages.

15.    The plaintiffs' claims, in whole or in part, are barred by the doctrine of consent.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

16.    The plaintiffs' are estopped by their own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which they seek relief.

17.    The plaintiffs' claims are barred to the extent their own unlawful conduct and/or failure to comply with applicable rules and regulations resulted in the alleged statutory violations.

18.    The plaintiffs' claims are barred, in whole or in part, to the extent that XPO LM has exercised reasonable diligence in the discharge of its alleged duties.

19.    The plaintiffs' claims are barred to the extent they are based in whole or in part upon alleged misconduct by XPO LM's agents or employees, as such actions were beyond the course and scope of those agents' or employees' respective agency or employment with XPO LM, and such conduct was not authorized, adopted, or ratified by XPO LM, and/or XPO LM did not know of, nor should it have known of, such conduct.

20.    At all relevant times hereto, XPO LM has acted in good faith and has not violated any rights which may be secured to the plaintiffs under any federal, state, or local laws, rules, regulations, or guidelines.

21.    The plaintiffs cannot establish that any acts or omissions of XPO LM were willful.

22.    The plaintiffs fail to state facts sufficient to constitute a claim for which attorney's fees and/or costs may be awarded.

23.    The plaintiffs fail to state facts sufficient to constitute a claim for which statutory treble damages may be awarded.

24.    The plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims.



A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

25.    The plaintiffs are not entitled to injunctive or declaratory relief because the benefit of any such relief, if any, is slight compared to the harm XPO LM will suffer if injunctive or declaratory relief is permitted.

26.    To the extent the plaintiffs seek to recover equitable relief, they are not entitled to such relief because they have an adequate remedy at law.

27.    XPO LM alleges that this action does not meet the requirements of class action treatment, and the plaintiffs cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, commonality, typicality, adequacy, and superiority.

28.    Without waiving the ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over XPO LM's objections, then XPO LM asserts the affirmative defenses set forth above against each and every member of the certified class.

## RESERVATION OF ADDITIONAL DEFENSES

XPO LM alleges that because the Complaint is couched in conclusory terms, all defenses that may be applicable cannot be fully anticipated. Accordingly, XPO LM reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained. In addition, XPO LM reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional defense, and/or should a change in the law support the inclusion of new and/or additional defenses.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

## RELIEF REQUESTED

WHEREFORE, Defendant XPO Last Mile, Inc. prays for judgment as follows:

1.    The plaintiffs' Class Action Complaint be dismissed in its entirety with prejudice;

2.    The plaintiffs take nothing by their action against XPO Last Mile, Inc.;

3.    Judgment be entered against the plaintiffs and in favor of XPO Last Mile, Inc. on all of the plaintiffs' causes of action;

4.    XPO Last Mile, Inc. be awarded its costs of suit and attorneys' fees incurred in this action, as provided by law; and

5.    XPO Last Mile, Inc. be awarded such other and further relief as this Court deems just and fair.

XPO LAST MILE, INC.

By their attorney

Douglas J. Hoffman, BBO #640472
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155
douglas.hoffman@jacksonlewis.com

Dated: September 21, 2018

ESSEX SUPERIOR COURT
FILED
SEP 21 P 1: 31

-9-

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of September, 2018, a copy of the foregoing document was served upon counsel for the plaintiff, Steve Churchill, Hillary Schwab, and Rachel Smit of Fair Work, P.C., 192 South Street, Suite 450, Boston, MA, 02111, by electronic mail and first class mail, postage pre-paid.

Jackson Lewis P.C.

4846-2532-0563, v. 1

FILED
ESSEX SUPERIOR COURT
2018 SEP 21 P 1: 31

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

-10-

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                  SUPERIOR COURT
                                                                            CIVIL ACTION
                                                                            No. *1877CV0 1015B*

*Ramon Gonzalez, Victor Rodriguez Ortiz* , Plaintiff(s)
*Addelyn Marte*

                                        v.

*XPO Last Mile, Inc. d/b/a XPO Logistics* , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon *Stephen Churchill* ,

plaintiff's attorney, whose address is *Fair Work, P.C. 192 South St. Ste. 450, Boston, MA* , an answer to the
*02111*
complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

*56 Federal St.* either before service upon plaintiff's attorney or within a reasonable time thereafter.
*Salem, MA 01970*

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the *20th*
day of *July* , in the year of our Lord two thousand *18*

*Thomas H. Driscoll Jr.*
                                                                            *Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST
*[signature]*
DEPUTY ASST.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.