## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

————————————————————————<br>
**RAMON GONZALEZ, VICTOR**<br>
**RODRIGUEZ ORTIZ, and ADDELYN**<br>
**MARTE, on behalf of themselves and all**<br>
**others similarly situated,**<br><br>
**Plaintiffs,**<br><br>
**v.**<br><br>
**RXO LAST MILE, INC., d/b/a RXO**<br>
**LOGISTICS,**<br><br>
**Defendant.**<br>
————————————————————————

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**Civil Action No.**<br>
**19-10290-FDS**

</td></tr>
</table>

## MEMORANDUM AND ORDER ON DEFENDANT'S <u>MOTION TO DECERTIFY THE CLASS</u>

**SAYLOR, C.J.**

This is an action for unpaid wages arising out of the alleged misclassification of employees as independent contractors. Jurisdiction is based on diversity of citizenship.

Defendant RXO Last Mile, Inc. ("RXO") is a freight forwarder and logistics services provider that organizes and arranges deliveries of large goods for retail stores. Plaintiffs Ramon Gonzalez, Victor Rodriguez Ortiz, and Addelyn Marte are drivers who delivered appliances and other consumer goods on behalf of RXO to customers of Lowe's Home Improvement stores.

Plaintiffs allege that RXO misclassified them as independent contractors in violation of Mass. Gen. Laws ch. 149, § 148B (Count 1); failed to provide them wages and benefits in violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 (Count 2); failed to pay them a minimum wage in violation of the Massachusetts Minimum Wage Law, Mass. Gen.

Laws ch. 151, § 1A (Count 3); and was unjustly enriched at their expense (Count 4).  Plaintiffs

brought suit on behalf of themselves and a class of similarly situated individuals against RXO.

Defendant has moved to decertify the collective action.  For the reasons set forth below,

the motion will be denied.

## I.    <u>Background</u>

On April 30, 2021, plaintiffs filed a motion for class certification in this action.  On

January 10, 2022, Judge Hillman granted the motion, certifying the following class as to Counts

1 and 2:

> All drivers who performed deliveries in Massachusetts on behalf of [RXO] to Lowe's
> customers within the period of July 20, 2015 to present, excluding helpers and any
> drivers who signed contracts with [RXO].

(ECF No. 66, 16).  The court also appointed plaintiffs Gonzalez, Ortiz, and Marte as class

representatives, and Fair Work, P.C. as class counsel.  (*Id.*).  On August 5, 2022, the First Circuit

denied defendant's petition for leave to appeal the district court's grant of class certification.  On

December 15, 2023, the case was reassigned to the undersigned judge.

Defendant RXO has now moved to decertify the class because it contends that "Rule 23's

commonality and predominance requirements are not met."  (ECF No. 128, 1).

## II.    <u>Legal Standard</u>

Under Rule 23, class certification is appropriate only if "(1) the class is so numerous that

joinder of all members is impracticable; (2) there are questions of law or fact common to the

class; (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class; and (4) the representative parties will fairly and adequately protect the interests of

the class."  Fed. R. Civ. P. 23(a).

In addition, plaintiffs must establish the elements for one of the types of class actions set

out in Fed. R. Civ. P. 23(b).  Under Fed. R. Civ. P. 23(b), a class action may be maintained if:

      (1) prosecuting separate actions by or against individual class members would create a risk of:

          (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

          (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

      (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

      (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

          (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

          (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

          (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

          (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

    For both Rule 23(a) and 23(b), plaintiffs must establish each of the elements; failure to establish any one will defeat class certification.  *See Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003).

    As to the *decertification* of a class, however, the parties disagree over the applicable legal standard.  According to defendant, a court may decertify a class whenever it appears that the requirements of Rule 23 are not met.  *See Baker v. Equity Residential Mgmt., L.L.C.*, 390 F. Supp. 3d 246, 259 (D. Mass. 2019) ("A district court may decertify a class if it appears that the

requirements of Rule 23 are not in fact met"); *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D.

339, 348 (D. Mass. 2005) ("[T]he court may decertify a class at anytime before final judgment").

According to plaintiffs, a party moving for decertification "must show that [it] is appropriate due

to a change of circumstances that arises from subsequent events in the litigation." *In re*

*Namenda Indirect Purchaser Antitrust Litig.*, 2022 WL 4298767, at *5 (S.D.N.Y. Sept. 19,

2022). That is, a court "should not disturb its prior findings in favor of certification absent some

significant intervening event, or a showing of compelling reasons to reexamine the question."

*Id.* (citing *Doe v. Karadzic*, 192 F.R.D. 133, 136–137 (S.D.N.Y.2000)) (internal quotation marks

omitted). Plaintiffs contend that the court should also consider "the effect of decertification on

class members, who may be prejudiced in their ability to protect their interests when a

certification decision is reversed." (ECF No. 146, 13).

Rule 23 prescribes that "[a]n order that grants or denies class certification may be altered

or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). As a result, it is true that courts

are authorized to "decertify a class at anytime before final judgment." *In re Sonus Networks*, 229

F.R.D. at 348. Nevertheless, courts in this district have recognized that "[a] decision to decertify

a previously certified class is not taken lightly" and "should only be done where defendants have

met their heavy burden of proving the necessity of taking such a drastic step." *Donovan v. Philip*

*Morris USA, Inc.*, 2012 WL 957633, at *4 (D. Mass. Mar. 21, 2012) (citing *In re Vivendi*

*Universal, S.A. Sec. Litig.*, 2009 WL 855799, at *3 (S.D.N.Y. Mar.31, 2009)) (internal quotation

marks omitted); *see also In re Intuniv Antitrust Litig. (Direct Purchasers)*, 2020 WL 3840901, at

*3 (D. Mass. July 8, 2020). For example, "decertification may be justified by post-certification

developments 'such as the discovery of new facts or changes in the parties or in the substantive

or procedural law.'" *Donovan*, 2012 WL 957633, at *4 (quoting *O'Connor v. Boeing N. Am.,*

*Inc.*, 197 F.R.D. 404, 410 (C.D.Cal.2000)); *see also In re Intuniv Antitrust Litig.*, 2020 WL 3840901, at *3.

In addition, when a motion to decertify is not rooted in any "changed conditions of fact or law," the proper avenue for challenging class certification prior to final judgment is to seek interlocutory review pursuant to Rule 23(f).  *Donovan*, 2012 WL 957633, at *5; *see also* Fed. R. Civ. P. 23(f).

## III.   <u>Analysis</u>

Defendant contends that the class should be decertified based on newly obtained deposition testimony confirming that different carriers handled damages claims differently. Defendant alleges that the testimony reveals that "the 293 [c]arriers handled damages claims independently and in diverse ways," and the decisions surrounding those claims "were left exclusively to the [c]arriers."  (ECF No. 128, 8).  For example, defendant suggests that the testimony shows that some carriers would pass on defendant's deductions to their drivers while other carriers would not.  Accordingly, defendant maintains that "commonality and predominance are lacking" under Rule 23, and decertification is appropriate.  (*Id.* at 19).

The Court will not decertify the class at this stage based on the deposition testimony. Indeed, it is unclear whether that testimony represents substantially new evidence concerning carriers' differing treatment of deductions.  Judge Hillman's order certifying the class in this case specifically addressed the issue:

> Because contract carriers determined for themselves whether to pass on deductions, answering the question whether each contract carrier passed on deductions may require individualized consideration.  But even if that is the case, Rule 23(b)(3) does not require that each issue be susceptible to resolution by common proof.  *See Tyson Foods*, 577 U.S. at 453. . . . Contrary to [RXO]'s assertion, the issue of deductions, while an important part of the class's claims, is not central to their validity.

(ECF No. 66, 13).  More broadly, Judge Hillman also explained that "[w]hether contract carriers

5

exercised their discretion differently . . . has no bearing on whether [RXO], itself, had a common policy with respect to drivers making deliveries on its behalf," and "[w]hether drivers, if misclassified, missed out on certain benefits received by [RXO] payroll employees can be resolved on a class-wide basis, without much regard to the differences among contract carriers." (*Id.* at 9, 14-15).

The motion to decertify largely repeats arguments that defendant put forward in its opposition to the original certification of the class. As noted, when a motion to decertify is not rooted in any "changed conditions of fact or law," the proper avenue for challenging class certification prior to final judgment is to seek interlocutory review pursuant to Rule 23(f). *Donovan*, 2012 WL 957633, at *5; *see also* Fed. R. Civ. P. 23(f). Here, defendant sought leave from the First Circuit to appeal the district court's grant of class certification. The First Circuit denied defendant's petition for leave, noting that the requirements under Rule 23(f) for interlocutory review of a class certification ruling had not been met. (*See* ECF No. 13). As other courts in this district have explained, "where, as here, a party has properly sought interlocutory appellate review pursuant to Rule 23(f) and that request has been denied by the First Circuit, subsequent reconsideration of the original certification by the district court should be exceedingly rare." *Donovan*, 2012 WL 957633, at *5. Defendant has presented no reason to deviate from that principle here.

## IV.  <u>Conclusion</u>

For the foregoing reasons, the motion for class decertification of defendant RXO Last Mile, Inc. is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  August 7, 2024              Chief Judge, United States District Court